# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | CASE NO. 1:10-cv-00310-LJO-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| T. KURTZ, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Horace Bell ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth and Fourteenth Amendments. Plaintiff also alleges that his rights under the California Constitution were violated. Plaintiff names T. Kurtz, N. Grannis, and G. Flippo as defendants ("Defendants"). For the reasons set forth below, the Court finds that Plaintiff's complaint fails to comply with the Federal Rules of Civil Procedure and fails to state any cognizable claims. Plaintiff's complaint will be dismissed, with leave to file an amended complaint within thirty days.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

///

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

Plaintiff claims that he suffered inhumane treatment and cruel and unusual punishment. However, Plaintiff's complaint does not set forth any of the facts that give rise to his complaint. Instead, Plaintiff's complaint requests the Court to take "judicial notice of attached staff complaint, parties involved and chronology of events." Plaintiff has attached approximately 80 pages of exhibits to his complaint. The exhibits include copies of administrative grievances, citizen's complaints, appeal tracking logs, letters from senators, doctor's orders, and letters to and from various people and organizations.

**III.   Discussion**

**A.   Federal Rule of Civil Procedure 8**

The Court will dismiss Plaintiff's complaint for failing to comply with Federal Rule of Civil Procedure 8. Under Rule 8(a), a complaint must contain "a short and plain statement of the claim

1 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

2 Plaintiff's complaint is neither "short" nor "plain." His complaint does not set forth his allegations in a "plain," straightforward manner. Instead, Plaintiff has simply attached 80 pages of various documents to his complaint. Even after reviewing the numerous documents, Plaintiff's claims and his allegations are unclear.

6 The Court will not review Plaintiff's documents and piece together facts to formulate causes of action on Plaintiff's behalf. Plaintiff must prepare a complaint that alleges facts setting forth the nature of each defendant's conduct and how they violated Plaintiff's rights.

9 In addition to the "short and plain" requirement under Rule 8, the Court will provide Plaintiff with the following formatting requirements. Plaintiff's allegations "must be <u>simple</u>, <u>concise</u>, and <u>direct</u>." Federal Rule of Civil Procedure 8(d)(1) (emphasis added). "A party must state its claims or defenses in <u>numbered paragraphs</u>, <u>each limited as far as practicable to a single set of circumstances</u>." Federal Rule of Civil Procedure 10(b) (emphasis added). "[E]ach claim founded on a separate transaction or occurrence . . . <u>must be stated in a separate count</u>." Federal Rule of Civil Procedure 10(b) (emphasis added).

16 Defendants are not sued collectively and each Defendant is only liable for the injuries caused by their own actions. See <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") Plaintiff's amended complaint must clearly state <u>individually</u> for <u>each Defendant</u> 1) who that Defendant is; 2) what that Defendant did; 3) what right that Defendant violated; and 4) how that Defendant's actions violated that right. Plaintiff may not simply provide a narrative recounting a series of injuries he suffered, combine all Defendants, and vaguely allege that his Eighth Amendment and Fourteenth Amendment rights were violated.

25 The Court will dismiss Plaintiff's complaint for failing to comply with Federal Rule of Civil Procedure 8. Further, since Plaintiff's complaint fails to set forth any factual allegations or causes of action in a clear and straightforward manner, the Court finds that Plaintiff's complaint fails to state any cognizable claims.

**B.     Exhibits**

Plaintiff is cautioned against sending random exhibits to the Court. While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court will not allow Plaintiff to rely exclusively on exhibits for the presentation of the facts to his case. Plaintiff may not attach a large number of exhibits to his claims with the expectation that the Court will read the exhibits and extract the necessary factual information to construct a cognizable claim on Plaintiff's behalf. The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff; the Court will not perform the work for him. Although the Court will liberally construe Plaintiff's complaint, sifting through unidentified prison documents and formulating claims on Plaintiff's behalf crosses the line between liberal construction and advocating on Plaintiff's behalf. To the extent that the factual deficiencies in Plaintiff's claims are cured by facts revealed in his exhibits but not in the body of his complaint, Plaintiff is advised that he should file an amended complaint that specifically alleges those facts instead of relying exhibits to present those facts.

In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them as evidence at later stages in litigation. This Court will not serve as a repository for Plaintiff's evidence. Evidence should not be submitted to the court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the court. Further, if and when this action reaches an appropriate stage in the litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to his complaint as evidence. Evidence must be submitted at the proper time and under the proper procedures. Attaching exhibits to the complaint is not the proper procedure for admitting evidence for the purpose of proving Plaintiff's allegations. Plaintiff is cautioned that improperly sending evidence to the Court may result in the evidence being lost or destroyed. Additionally, the Court will not return the exhibits to Plaintiff unless Plaintiff provides a postage paid return envelope. See Local Rule 101.

///

///

C. **Substantive Law**

Since Plaintiff's complaint appears to allege that he suffered cruel and unusual punishment in violation of the Eighth Amendment and Fourteenth Amendment, the Court will provide Plaintiff with the following legal standards to incorporate in his amended complaint. Plaintiff is advised that any future complaint must clearly allege facts that meet the relevant legal standards for stating a claim under the Eighth or Fourteenth Amendment.

1. **Eighth Amendment**

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

a. **Excessive Force**

Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of

5

force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

### b.    Medical Treatment

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. To state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. To constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

        **c.**        **Threats to Safety**

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

        **d.**        **Conditions of Confinement**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan, 465 F.3d at 1045 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

        **2.**        **Fourteenth Amendment**

        **a.**        **Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the

inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In determining whether a hardship is sufficiently significant enough to warrant due process protection, the Court looks to: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody and is thus within the prison's discretionary authority to impose, (2) the duration of the condition and the degree of restraint imposed, and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).

Inmates have no liberty interest in the processing of an inmate appeal because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). The failure to timely process an inmate appeal pursuant to state prison regulations is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Nor does the delay, denial, or screening-out of Plaintiff's inmate appeals, even if erroneous, result in an "atypical and significant hardship." Plaintiff has no protected liberty interest in the vindication of his administrative claims.

### b. Equal Protection

The Equal Protection Clause requires that similarly situated persons be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v.

Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

### IV.    Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it fails to comply with Federal Rule of Civil Procedure 8. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   November 10, 2010**              **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE