# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | 1:10-cv-00310-LJO-GSA-PC |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND (Doc. 22.) |
| v. | |
| T. KURZ, et al., | THIRTY DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT |
| Defendants. | |

**I.    RELEVANT PROCEDURAL HISTORY**

Horace Bell ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 30, 2009 at the Kern County Superior Court. (Doc. 1, Exh. B.) On February 19, 2010, this case was removed to federal court under 28 U.S.C. § 1441(b) by defendant Kurz. (Doc. 1.) The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and entered an order on November 12, 2010, dismissing the Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, with leave to amend. (Doc. 9.) On November 29, 2010, Plaintiff filed the First Amended Complaint. (Doc. 10.) The Court screened the First Amended Complaint and entered an order on April 29, 2011, dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 20.) On May 11, 2011, Plaintiff filed the Second Amended Complaint ("2ACP"), which is now before the Court for screening. (Doc. 22.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal 129 S.Ct. at 1949. While factual allegations are accepted as true, legal conclusions are not. Id.

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California. The events at issue occurred at Kern Valley State Prison ("KVSP") in Delano, California, while Plaintiff was incarcerated there. Plaintiff names as defendants Correctional Officer ("C/O") T. Kurz, C/O C. Brubaker, C/O D. Kiser, C/O B. Eaton, C/O J. Trimble, Lieutenant C. Waddle, Sergeant V. Sica, C/O A. Agu, Sergeant R. Barrett, and C/O A. Romero.

Plaintiff alleges as follows in the Second Amended Complaint. From January 2009 through October 2010, defendant T. Kurz refused to respond to Plaintiff's Form 602 prison grievances,

stuffing them in the desk drawers or throwing them away. Defendant Kurz had defendants Brubaker, Kiser, Waddle, and Sica move Plaintiff to another yard to circumvent the 602 appeal process. Defendants Eaton, Trimble, and Agu participated in the retaliation. Defendant Eaton made all other 602 appeals disappear. Defendant Trimble practiced racism and White Supremacy. Defendant Agu participated in Plaintiff's move, along with defendant Barrett, who would not correct the retaliation when in a position to do so. Defendant Brubaker stated, "T. Kurz A. Romero said you don't get along with second watch either, you move!" 2ACP, Doc. 22 at 4 ¶IV.

Plaintiff requests monetary damages, injunctive relief, and attorney's fees.

## IV.     PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A.     Inmate Appeals Process

Plaintiff alleges that defendants Kurz and Eaton failed to respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a

protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

### B. Retaliation

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on the plaintiff's First Amendment rights. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in theses activities.

The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt v. Rowland, 65 F.3d

802, 806 (9th Cir. 1995)  Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory."  Pratt, 65 F.3d at 807 (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)).  The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of."  Pratt at 808.

Plaintiff may be able to state a claim for retaliation against defendant Kurz.  However, Plaintiff has not alleged any injury - or chilling - resulting from defendant Kurz's act of moving him from one yard to another yard.  Moreover, the court finds that the action taken by Kurz is not the type of adverse action that gives rise to a cognizable claim for relief for retaliation.  Cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff.  See Hines, 108 F.3d at 267 (guards found guilty of charging inmate with a false rules violation and finding him guilty in retaliation for inmate's prior use of the grievance system); Pratt, 65 F.3d at 806 (inmate alleged that he was transferred to a different prison and double-celled in retaliation for exercising his First Amendment rights); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate alleged that officers labeled him a snitch for petitioning prison and government officials for redress and that, because of this labeling, the inmate was approached by other inmates and threatened with harm); Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (inmate alleged that he was reassigned out of a vocational class and transferred to a different prison because of his activities as a jailhouse lawyer). Plaintiff also fails to demonstrate that there were no legitimate correctional purposes for his transfer to another yard.

With respect to defendants other than Kurz, Plaintiff fails to state a cognizable claim for retaliation against any of them.  Plaintiff's allegations against the other defendants are insufficient and/or conclusory.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949.  Plaintiff is cautioned that in order

5

to state a claim, he must allege facts showing specific acts by each named defendant in violation of his rights.

### C. Racism

Plaintiff alleges that defendant "Trimble practiced racism and White Supremacy." 2ACP at 4 ¶IV. This statement, without supporting facts, is conclusory and does not suffice to state a claim under Iqbal. Plaintiff must describe how the defendant acted toward him to exhibit racism. The Court shall provide legal standards (see, below) that may apply to Plaintiff's claim, to assist Plaintiff in deciding whether to pursue this claim in the Third Amended Complaint.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that a defendant intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Verbal harassment or abuse alone, including the use of racial epithets, is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### D. Relief Requested

In addition to money damages, Plaintiff seeks injunctive relief and attorney fees.

Plaintiff is currently housed at SATF, and the past events at issue in this action occurred at KVSP. When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995);

Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).  Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights.

With regard to attorney fees, "In any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees . . . ." 42 U.S.C. § 1988(b).  Plaintiff's contention that he is entitled to attorney's fees if he prevails is without merit.  Plaintiff is representing himself in this action.  Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails.  Gonzales v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

**V.     CONCLUSION AND ORDER**

For the reasons set forth above, the Court finds that Plaintiff fails to state any claims in the Second Amended Complaint upon which relief may be granted under § 1983 against any of the Defendants.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with one more opportunity to file an amended complaint that states a claim.  Plaintiff is granted leave to file a Third Amended Complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The Third Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555).
///

Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff is cautioned that if he fails to state any claims in the Third Amended Complaint, the Court will recommend that this entire action be dismissed, with prejudice. Plaintiff is advised to carefully read this order so that he understands the deficiencies he must cure. As discussed above, for each violation of his rights, Plaintiff must name the defendant or defendants who acted against him, give facts explaining what each defendant did or failed to do and the circumstances surrounding the defendants' actions. The Court has set forth legal standards which appear to apply to Plaintiff's claims, to assist Plaintiff. Plaintiff has now filed three deficient complaints in this action and has been given ample guidance by the Court. To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50.

Plaintiff must not add any new, unrelated claims and should take care to include only those claims that have been administratively exhausted.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's Second Amended Complaint, filed on May 11, 2011, is dismissed for failure to state a claim, with leave to amend;
2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;
3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Third Amended Complaint curing the deficiencies identified in this order;

4. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:10-cv-00310-LJO-GSA-PC;

5. If Plaintiff fails to comply with this order, it will be recommended that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 9, 2011                         /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE