# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | 1:10-cv-00310-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND THAT THIS DISMISSAL BE SUBJECT TO 28 U.S.C. § 1915(g) (Doc. 26.) |
| v. | |
| T. KURZ, et al., | |
| Defendants. | OBJECTIONS, IN ANY, DUE IN THIRTY DAYS |

**I.    RELEVANT PROCEDURAL HISTORY**

Horace Bell ("Plaintiff") is a state prisoner, proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 30, 2009 at the Kern County Superior Court. (Doc. 1, Exh. B.)  On February 19, 2010, this case was removed to federal court under 28 U.S.C. § 1441(b) by defendant Kurz. (Doc. 1.)

The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and entered an order on November 12, 2010, dismissing the Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, with leave to amend. (Doc. 9.) On November 29, 2010, Plaintiff filed the First Amended Complaint. (Doc. 10.)  The Court screened the First Amended Complaint and entered an order on April 29, 2011, dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 20.) On May 11, 2011, Plaintiff filed the Second Amended

1

Complaint. (Doc. 22.) The Court screened the Second Amended Complaint and entered an order on December 9, 2011, dismissing the Second Amended Complaint for failure to state a claim, with leave to amend. (Doc. 25.) On January 10, 2012, Plaintiff filed the Third Amended Complaint, which is now before the Court for screening. (Doc. 26.)

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal 129 S.Ct. at 1949. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///

### III.  SUMMARY OF THIRD AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue allegedly occurred at Kern Valley State Prison in Delano, California, while Plaintiff was incarcerated there. Plaintiff names as defendants Correctional Officer ("C/O") T. Kurz, C/O C. Brubaker, C/O D. Kiser, C/O B. Eaton, C/O J. Trimble, Lieutenant C. Waddle, Sergeant V. Sica, C/O A. Agu, Sergeant R. Barrett, and C/O A. Romero.

Plaintiff alleges as follows. From January 2009 through October 2010, defendant Kurz retaliated against Plaintiff's First Amendment rights to file a prison grievance. Defendants Brubaker, Kiser, Eaton, Trimble, Waddle, Sica, Agu, Barrett, and Romero participated in the retaliation. Each defendant took some adverse action against Plaintiff's protected conduct and as a result, Plaintiff became scared. Defendant Kurz helped get Plaintiff moved to prevent further CDCR 602 appeals against her. Plaintiff lost his job as a recreational clerk. Other inmates approached Plaintiff, telling him defendants Brubaker and Kurz moved Plaintiff due to his exercise of First Amendment rights.

Defendants Trimble, Eaton, Kurz, Barrett, and Romero intentionally discriminated against Plaintiff based on his membership in a protected class. During their daily dealings with Plaintiff, each defendant's behaved in a hostile manner toward Plaintiff, yet were polite to the white or Mexican inmates similarly situated. Plaintiff's food tray was not as complete as those of the white and Mexican races, and he had insufficient toilet paper, no supplies, no writing paper or pens. Defendant Kurz's Mexican inmate boyfriend was allowed to sell supplies, markers, etc., and brag about going into the back room next to Plaintiff's cell to fondle defendant Kurz.

Plaintiff requests monetary damages and reasonable attorney fees as relief.

### IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A.     Retaliation

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on the plaintiff's First Amendment rights. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in theses activities.

The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Id. at 808; Soranno's Gasco, Inc. v. Morgan, 874

4

F.2d 1310, 1316 (9th Cir. 1989).

The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt at 808.

Plaintiff alleges that defendant Kurz had him moved to prevent him from filing more prison grievances against her. However, Plaintiff fails to allege any facts establishing a nexus between his protected conduct and defendant Kurz's act of moving Plaintiff, and he fails to allege that Kurz's act did not reasonably advance a legitimate correctional goal. While detailed allegations are not required, Plaintiff's conclusory statement is insufficient to state a claim. As stated above, courts "are not required to indulge unwarranted inferences." Wal-Mart Stores, 572 F.3d at 681. Plaintiff also alleges that he lost his job, but he does not link the loss of his job to any act by a defendant. Plaintiff's remaining allegations of retaliation are only threadbare recitals of the elements of the cause of action or mere conclusory statements, alleging that defendants "retaliated against Plaintiff's First Amendment rights to file a prison grievance," "participated in retaliation," or "took some adverse action against Plaintiff's protected conduct." Such statements are not entitled to be accepted as true. Iqbal 129 S.Ct. at 1949. Therefore, Plaintiff fails to state a claim for retaliation, and this claim shall be dismissed.

**B.     Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that a defendant intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon

Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Verbal harassment or abuse alone, including the use of racial epithets, is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Plaintiff alleges that defendants were hostile toward him, yet were polite to other inmates who were white or Mexican and "similarly situated." He also alleges that he was given an incomplete food tray, insufficient toilet paper, no supplies, no writing paper, and no pens. He also alleges that defendant Kurz's Mexican boyfriend was given special privileges. These allegations are not sufficient to state an equal protection claim. Plaintiff fails to allege facts demonstrating that any defendant intentionally discriminated against him based on his membership in a protected class, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Therefore, this claim shall be dismissed.

**V.    CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, the Court finds that Plaintiff's Third Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the Defendants. In this action, the Court previously granted Plaintiff three opportunities to amend the complaint, with ample guidance by the Court. Plaintiff has now filed four complaints without alleging facts against any of the Defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000), Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty days** after being served with these findings and recommendations, Plaintiff party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 30, 2012**                            /s/ **Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE